Ms. Lynda Thomas Yeager Human Resources Director City of Conway 1201 Oak Street Conway, AR 72032
Dear Ms. Yeager:
I am writing in response to your request for an opinion concerning the release of certain records under the Arkansas Freedom of Information Act ("FOIA") (A.C.A. § 25-19-105 et seq. (Repl. 2002)). You have provided copies of three FOIA requests, as well as copies of several previous similar requests and your response to those requests. You state that you are unable to determine whether you must release all of the information being requested, and that you have already complied and provided information that was required to be released. You indicate, further, your general understanding of several relevant aspects of the FOIA.
RESPONSE
I am directed by law to issue an opinion as to whether your determination regarding the release of personnel or employee evaluation records is consistent with the FOIA. A.C.A. § 25-19-105 (c) (3) (B). I have not been provided with copies of the requested records, and therefore cannot opine definitively concerning the release of any particular record. As a general matter, however, I believe it may be helpful to clarify the applicable tests for the release of "personnel records" on the one hand, and "employee evaluation/job performance records" on the other. I will thus set forth the legal principles that govern the release of the types of records that would typically be responsive to the FOIA requests that have been made in this instance. Based upon the information you have submitted, it is my conclusion that you should reevaluate the requests under the tests set forth below in order to determine whether you have in fact provided all of the records that are subject to disclosure in this instance.
Other Records
I must first note that some of the requested records do not appear to fall within § 25-19-105 (c) (3) (B). I am somewhat uncertain, therefore, whether your opinion request encompasses these other records, e.g., "contract bids for city work . . . [;]" "record of all compensatory and punitive damages . . . [;]" "record of all lawsuits. . . ." See FOIA Request Form (March 7, 2003). It must be recognized in this regard that the directive under A.C.A. § 25-19-105 (c) (3) (b) only extends to "personnel" or "evaluation" records. Accordingly, this opinion does not address any issues pertaining to the release of other records. As a general matter, however, all records that are maintained in public offices or by public employees within the scope of their employment are presumed to be "public records." A.C.A. § 25-19-103(5)(A). Such records are open to public inspection and copying under the FOIA, unless a specific exemption applies. A.C.A. § 25-19-105(a)(1). It should perhaps also be noted, however, as you have correctly pointed out, that a records' custodian is not required to compile information or create a record in response to a FOIA request. Id. at subsection (d)(2)(C). The FOIA also provides that a request "shall be sufficiently specific to enable the custodian to locate the records with reasonable effort." Id.
at subsection (a)(2)(C).
Personnel and Evaluation Records Tests
Turning, then, to the FOIA requests relating to "personnel" and "evaluation" records, I believe it will be helpful to clarify the applicable tests for releasing these records. The standards differ. Whereas employee evaluation/job performance records may not be released if the employee was not suspended or terminated, personnel records, under the FOIA, must be released unless their release would constitute a "clearly unwarranted invasion of personal privacy" (of the employee). A.C.A. § 25-19-105(b)(12). The FOIA does not define the term "personnel records" or the phrase "clearly unwarranted invasion of personal privacy." This office has taken the general position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. Nos. 2000-059; 99-244; 99-147, citing J. Watkins, The Arkansas Freedom of InformationAct 134 (m m Press, 3rd ed.). The Arkansas Supreme Court has construed the phrase "clearly unwarranted invasion of personal privacy," and has adopted a balancing test to determine whether it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed. It should be noted that the court has deemed the public's interest to be outweighed by the individual's interest only when the information contained in the record relates intimate details of the individual's life — details which if released, might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. See, e.g., Young, supra.
It should also be noted with regard to "personnel records" in this instance that it has been the consistent position of this office that documents that are complaints about employees and that are unsolicited by the employer constitute personnel records, rather than "employee evaluation/job performance" records. See, e.g., Op. Att'y Gen. No. 98-001
(finding unsolicited complaint of sexual harassment to be personnel record). Accord, Op. Att'y Gen. No. 2000-058 (grievance created spontaneously and not at the instigation of the employer was a personnel record). See also generally Ops. Att'y Gen. Nos. 2001-028; 2000-058; 2000-231. This classification of unsolicited complaints is in contrast to the classification of documents that are generated by an employer as a part of an investigation into the conduct of an employee, which this office has held to constitute employee evaluation/job performance records (discussed below). An unsolicited complaint about an employee has generally been held not to constitute an "employee evaluation/job performance record" and therefore is not entitled to the exemption that is sometimes available for such. Ops. Att'y Gen. Nos. 2000-175; 2000-166; 99-026. Rather, an unsolicited complaint document is a personnel record, and its releasability must be evaluated under the above standard for the release of such records.
With regard to the separate exemption for "employee evaluation/job performance records," although the FOIA does not define this phrase, this office has previously opined that it encompasses, generally, records relating to an employee's performance or lack of performance on the job.See, e.g., Op. Att'y Gen. 2001-055. It includes, in my opinion, records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct. See, e.g., Op. Att'y Gen. 2001-063 (Internal Affairs file that was generated at the instance of the Department in the course of investigating a complaint against an employee constitutes "employee evaluation/job performance records" within the meaning of the FOIA). See also generally Ops. Att'y Gen. Nos. 2000-231; 2000-203; 2000-130; 1999-361; 1999-359.
"Employee evaluation/job performance records" may not be released unless the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined by the custodian. The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." The Arkansas Freedom of Information Act,supra at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
In the final analysis, the question of whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
FOIA Requests for Personnel and Evaluation Records
With regard to the particular FOIA requests at issue, I will first address those requests that focus on particular named individuals. See
Letter from Lt. J.W. Thessing to Ms. Lynda-Thomas Yeager (February 27, 2003) (restating a previous request). This request focuses upon any investigations and complaints relating to particular individuals, and it is my opinion that you may have incorrectly applied the tests for the release of any such records that may exist. Again, as stated above, I have not been provided with copies of any records and I do not know whether any records exist in response to this request. As a general matter, however, I must direct your attention to the tests outlined above, due to your statement that it is your understanding that "the only time personnel or job performance records are subject to release is if a suspension or termination occurred, and then only after final administrative resolution, AND then only if the public interest outweighs the need for individual privacy." Letter from Lynda Thomas Yeager, PHR to The Honorable Mike Beebe (March 7, 2003). As you can see from the discussion above, it appears that you have blended the tests for "personnel" and "evaluation/job performance" records, whereas in fact the tests for the release of these types of records are distinct, as are the records themselves. Unlike evaluation/job performance records, personnel records are generally open to public inspection and copying, subject to the "clearly unwarranted invasion" standard. As also noted above, this test applies to unsolicited complaints, which in my opinion generally constitute personnel records. This same analysis would apply to grievances that are not generated at the behest of the employer.
Investigation records, on the other hand, if generated at the behest of an employer as a part of an investigation of an employee's conduct, generally constitute employee evaluation/job performance records. Seegenerally Op. Att'y Gen. 2001-123. As noted above, this would include records of complaints or grievances that were created at the instigation of the employer, perhaps in the course of an investigation.[1] As outlined above, such records are exempt from disclosure to the public unless the stated three conditions have been met. It must be recognized in this regard that disciplinary action short of suspension ortermination will not meet the initial threshold for the release of evaluation/job performance records.
I therefore conclude, based upon your correspondence and the FOIA requests that you have provided, that you must reevaluate the requests that have been made for records of investigations and complaints pertaining to named individuals, applying the above tests.
With regard to the other two FOIA requests in this instance, it appears that these requests are global in scope, and as such, may be subject to a request by the custodian that they be narrowed to meet the requirement that a request "shall be sufficiently specific to enable the custodian to locate the records with reasonable effort." A.C.A. § 25-19-105(a)(2)(C). Although the FOIA does not require that a citizen's request for personnel or evaluation records specifically identify particular employees, (see,e.g., Op. Att'y Gen. 2002-150) it is my opinion that broad-based requests such as this, involving "all unsolicited citizen complaints," "all disciplinary records of all . . . employees since their hire date . . .," and "all training records" (FOIA Request Form dated March 7, 2003), may be subject to a further narrowing under subsection (a)(2)(C). By comparison, in Opinion 2002-150, it was concluded that a request for personnel records was not too vague where, although the request did not identify particular officers, it did state specific time parameters from which particular records could be identified.
I am unable to definitively determine whether the requests in this instance are, in fact, "sufficiently specific," as this will necessarily depend upon the particular surrounding circumstances. If you determine that you cannot locate the records with reasonable effort, then you may be justified in asking the requester to be more specific, recognizing, of course, that the FOIA must be liberally construed in favor of the public's access to nonexempt public records. See generally Laman v.McCord, 245 Ark. 401, 432 S.W.2d 753 (1968).
With regard, finally, to the charge for copies, you request clarification of a previous Attorney General's opinion concerning a $.25 per page charge. It was opined in Op. Att'y Gen. 87-481, as had at least one circuit court, that a $.25 a page fee was not unreasonable. The FOIA has since been amended, however, to state:
 (3)(A)(i) Except as provided in § 25-19-109 or by law, any fee for copies shall not exceed the actual costs of reproduction, including the costs of the medium of reproduction, supplies, equipment, and maintenance, but not including existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records.
 (ii) The custodian may also charge the actual costs of mailing or transmitting the record by facsimile or other electronic means.
 (iii) If the estimated fee exceeds twenty-five dollars ($25.00), the custodian may require the requester to pay that fee in advance.
 (iv) Copies may be furnished without charge or at a reduced charge if the custodian determines that the records have been requested primarily for noncommercial purposes and that waiver or reduction of the fee is in the public interest.
 (B) The custodian shall provide an itemized breakdown of charges under subdivision (d)(3)(A) of this section.
A.C.A. § 25-19-105 (d) (3) (Supp. 2002) (emphasis added).
Following this provision, therefore, the fee charged by the City for copies of public documents must not exceed the actual costs of reproduction, and the custodian must be prepared to provide an itemized breakdown of the charges.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] This assumes that any such investigation is internal in nature, as distinguished from a criminal investigation, the records of which may be exempt from disclosure under the separate exemption for "undisclosed investigations of suspected criminal activity." A.C.A. § 25-19-105 (b) (6).